UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OKEELANTA CORPORATION,<br><br>  Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>  Defendant. | Case No. 9:21-cv-81505-DMM |
| UNITED STATES SUGAR CORPORATION,<br><br>  Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, CHRISTINE E. WORMUTH, in her official capacity as Secretary of the Army, JAIME A. PINKHAM, in his official capacity as Assistant Secretary of the Army (Civil Works)[1], LIEUTENANT GENERAL SCOTT A. SPELLMON, in his official capacity as Commanding General and Chief of Engineers for the United States Army Corps of Engineers, COLONEL JAMES L. BOOTH[2], in his official Capacity as Commanding District Engineer for the United States Army Corps of Engineers, Jacksonville District,<br><br>  Defendants. | Case No. 9:21-cv-81506-DMM |

---

[1] Mr. Pinkham's proper title is Acting Assistant Secretary of the Army (Civil Works).
[2] Automatically substituted for Andrew D. Kelly pursuant to Fed. R. Civ. P. 25(d).

1

| | |
|---|---|
| SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 9:21-cv-81508-DMM

**UNOPPOSED MOTION FOR CONSOLIDATION
AND FOR EXTENSION OF FILING DEADLINES**

The three above-captioned cases were all filed on August 26, 2021. Because they were served on different days, defendants' answers are currently due on November 1 (Case No. 9:21-cv-81506-DMM), November 8 (Case No. 9:21-cv-81505-DMM), and November 15 (Case No. 9:21-cv-81508-DMM). The three cases challenge the same actions by the U.S. Army Corps of Engineers (Corps) under the Administrative Procedure Act (APA), the National Environmental Policy Act (NEPA), and federal statutes governing water management issues in South and Central Florida (in particular, the Water Resources Development Act of 2000, P.L. 106–541, 114 Stat. 2572 (WRDA 2000)). Because the cases involve common issues of law and fact, challenge the same administrative decisions and agreement, and will be decided on the same administrative record, considerations of judicial efficiency make it appropriate to consolidate the three cases under Federal Rule of Civil Procedure 42.

Additionally, and irrespective of whether the Court decides to consolidate the three cases, defendants request that their due dates for responding to all three complaints be extended until and including December 6, 2021. The subject matter of the three cases is complex; the extra time will better enable defendants to assess and present their defenses. In the event defendants file a motion to dismiss the three complaints in lieu of filing answers, defendants request that plaintiffs

2

be given until January 14, 2022 to file their opposition papers, and that defendants be given until February 14, 2022 to file their replies.

The undersigned has consulted with counsel for plaintiffs in all three cases and is authorized to represent to the Court that plaintiffs do not oppose the extension of the deadlines to respond to the complaints and file related papers, administrative consolidation of the cases, and allowing the defendants to prepare a single administrative record. Plaintiffs believe that it is premature to address other issues related to consolidation or scheduling at this stage of the proceedings.

## I. BACKGROUND

All three complaints that are the subject of this motion mount challenges to the Corps' approval of two ecosystem restoration project features – a reservoir, and a storm water treatment facility, in Palm Beach County. All three plaintiffs challenge the Corps' compliance with NEPA, the APA, and a federal statute that requires all such projects to avoid diminishing existing legal sources of water for, among other things, agricultural supply.

The focus of all three complaints is the requirement in Section 601(h)(5) of WRDA 2000 that projects authorized by the Comprehensive Everglades Restoration Plan (CERP) not "eliminate or transfer existing legal sources of water, including those for … agricultural … water supply" until "a new source of water supply of comparable quantity and quality … is available to replace the water to be lost …". Pub. L. No. 106–541, December 11, 2000, 114 Stat 2572. Section 601(h)(5) is dubbed the "Savings Clause;" all three complaints allege that the "A-2 Projects" violate the Savings Clause, and that the Savings Clause analyses performed by the Corps and the South Florida Water Management District (SFWMD) violate NEPA and the APA. U. S. Sugar Complaint ¶¶ 1-2; Okeelanta Complaint ¶¶ 3-4; Sugar Cane Growers Cooperative

Complaint ¶¶ 2-4. While the complaints are not without differences, their gravamen is the same, and, importantly, they challenge the same agency decision documents and agreement[3] and seek essentially the same relief. U. S. Sugar Complaint at 24; Okeelanta Complaint at 18; Sugar Cane Growers Cooperative Complaint at 14.

## II.    CONSOLIDATION IS APPROPRIATE

Rule 42 provides that the court may "consolidate … actions" that "involve a common question of law or fact." Consolidation is a "matter of convenience and economy in administration," *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933), and its purpose is to avoid unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F. 3d 543, 550 (8th Cir. 1998). As such, "[t]he Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) (internal citations and quotations omitted). Consolidation is inappropriate if it would lead "to inefficiency, inconvenience, or unfair prejudice to a party." *HBE Corp.*, 135 F.3d at 551.[4]

---

[3] The lawsuits challenge the Corps' 2014 and 2020 NEPA analyses and decisions for the projects, the 2021 Project Partnership Agreement (PPA) between the Corps and the SFWMD, the Department of Army permit that the Jacksonville District issued to SFWMD for the A-2 storm water treatment facility, and SFWMD's study conducted under Section 203 of the WRDA of 1986, as amended (sometimes erroneously referred to as a "PACR" study). *See* U.S. Sugar Complaint ¶ 3; Okeelanta Complaint ¶¶ 36, 57-61, 63-68; Sugar Cane Growers Cooperative Complaint ¶¶ 12, 32.

[4] Consolidation of related actions has a long history. As noted in *Hall v. Hall*, 138 S. Ct. 1118, 1125, (2018), Lord Mansfield pioneered the practice, which quickly took root in American courts. *See Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 292 (1892). In 1813, Congress authorized the newly formed federal courts, when confronted with "causes of like nature, or relative to the same question," to "make such orders and rules concerning proceedings therein as may be conformable to the principles and usages belonging to courts for avoiding unnecessary costs or delay in the administration of justice" and to "consolidate[ ]" the causes when it "shall appear reasonable." § 3, 3 Stat. 21. This consolidation statute applied at law, equity, and admiralty, *see* 1 W. Rose, *A Code of Federal Procedure* § 823(a) (1907), and remained in force until its replacement by Rule 42(a).

4

Consolidation does not fuse the consolidated suits; the plaintiffs retain all the rights they possessed before consolidation. *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005), *aff'd*, 245 F. App'x 784 (10th Cir. 2007) ("Consolidation is not like a marriage, producing one indissoluble union from two distinct cases. Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases") (citations omitted); *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F. 3d 750, 752 (11th Cir. 1998) ("consolidation of cases under Fed. R. Civ. P. 42 does not strip the cases of their individual identities.") As the Supreme Court recently confirmed (*quoting* 3 J. Moore & J. Friedman, *Moore's Federal Practice* § 42.01, pp. 3050–3051 (1938)), through consolidation under Rule 42(a) "one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Hall v. Hall*, 138 S. Ct. at 1130.

Consolidation is particularly appropriate where multiple plaintiffs, invoking the APA, raise similar challenges to the same administrative decisions that will be assessed upon the same administrative record. The discussion and decision in *Nat'l Ass'n of Mortg. Brokers* is illustrative.

> In-depth review of these two interrelated actions confirms that there are extensive common questions of law and fact. [Both plaintiffs allege violations of the same substantive statutes] and the Administrative Procedure Act. Both actions will be based upon the same administrative record and much of the same law. Thus, consolidation will promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay or expense for the Court or the litigants. Moreover, both cases are in the same procedural posture and stage of litigation ...

*Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011); *see also Bravos v. United States Bureau of Land Mgmt.*, No. CIV 09-37

RB/LFG, 2009 WL 10664475, at *5 (D.N.M. Aug. 19, 2009), *report and recommendation adopted sub nom. Amigos Bravos v. United States Bureau of Land Mgmt.*, No. CV 09-37 RB/LFG, 2009 WL 10664476 (D.N.M. Sept. 10, 2009) (consolidation is appropriate where multiple plaintiffs challenge the same administrative decisions on the same administrative record). The fact that the three cases are at exactly the same procedural stage particularly supports consolidation. *Randall Wolcott, M.D., P.A. v. Sec'y of Health & Hum. Servs. of United States*, No. 5:09-CV-076-C, 2009 WL 10705384, at *1 (N.D. Tex. Nov. 17, 2009) (where separate administrative challenges "are at similar stages . . . consolidation will keep them that way . . .".)

Cases like *National Association of Mortgage Brokers* and *Bravos* can be contrasted with *Habitat Educational Cetner., Inc. v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wis. 2008), in which "each of the cases plaintiffs seek to consolidate involves a distinct agency action and a distinct administrative record." *See id*.:

> As explained, a district court must review each project based on its own administrative record. Despite their similarities, the [challenged] projects are different enough to require independent review. Consolidated briefs and other filings would only complicate this already complex litigation by blurring the distinctions between the projects. Further, the cases are in slightly different procedural postures, and consolidation might delay the projects that are farthest along and might unnecessarily delay an appeal in a particular case.

Here, by contrast, the projects at issue are the same, the cases are in the identical procedural posture (indeed, they were filed on the same day) and the relevant evidence – *i.e.*, the administrative record – will be the same. Consolidation is appropriate.

APA cases are decided on an administrative record and on motions. *Brinklys v. Johnson*, 175 F. Supp. 3d 1338, 1349–50 (M.D. Fla. 2016), *aff'd sub nom. Brinklys v. Sec'y, Dep't of Homeland Sec.*, 702 F. App'x 856 (11th Cir. 2017). Consolidation will, at a minimum, allow for

6

the lodging of the administrative record once rather than three times, and will facilitate "bringing uniformity to the deadlines both during and after the resolution of this proceeding." *Randall Wolcott,* 2009 WL 10705384, at *1. Also, the parties are hopeful that when they undertake to brief the case they will be able to coordinate their work so as to minimize duplication of efforts and argument and create efficiencies for the parties and the Court. Regardless, however, consolidation will streamline case management for the Court and the parties and will cause no prejudice to any party.

### III. CONSOLIDATION ASIDE, THE PARTIES ARE AGREED ON A REASONABLE MODIFICATION OF EXISTING DEADLINES.

The parties have discussed, and agreed upon, an extension of time until December 6, 2021 for defendants' deadline for answering or otherwise responding to all three complaints. The requested extension is reasonable. The issues raised are complex, both factually and legally. The many-layered statutory construct dates back to 1948, and the decision documents at issue encompass several hundreds of pages. The case will be better served if defendants are allowed extra time to evaluate and distill the legal challenges advanced.

In the event defendants file one or more dispositive motions in lieu of answers, the parties also agree that plaintiffs should have until January 14, 2022 to file responsive papers, and that defendants should have until February 14, 2022 to reply. The complexity of the case, and the intervening holidays, make these filing deadline revisions reasonable as well.

### IV. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court administratively consolidate the above-captioned cases. Irrespective of consolidation, defendants also respectfully request that their due dates for responding to all three complaints be extended until and including December 6 and, in the event defendants file one or more motions to dismiss in lieu of filing

7

answers, that plaintiffs be given until January 14 to file their opposition papers, and that defendants be given until February 14 to file their reply or replies.

Dated this 29th day of October, 2021.

                                                          Respectfully submitted,

                                                          TODD KIM
                                                          Assistant Attorney General
                                                          Environment and Natural Resources Division

                                                          */s/Peter Kryn Dykema*
                                                          Peter Kryn Dykema
                                                          Sally J. Sullivan
                                                          U.S. Department of Justice
                                                          Environment and Natural Resources Division
                                                          Natural Resources Section
                                                          P.O. Box 7611
                                                          Washington DC 20044-7611
                                                          peter.dykema@usdoj.gov
                                                          Phone: (202) 305 0436
                                                          Fax: (202) 305 0274

                                                          *Attorney of Record for Defendants*

Electronically filed.