UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OKEELANTA CORPORATION,<br><br>  Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>  Defendant. | Case No. 9:21-cv-81505-DMM |
| UNITED STATES SUGAR CORPORATION,<br><br>  Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, CHRISTINE E. WORMUTH, in her official capacity as Secretary of the Army, JAIME A. PINKHAM, in his official capacity as Assistant Secretary of the Army (Civil Works)[1], LIEUTENANT GENERAL SCOTT A. SPELLMON, in his official capacity as Commanding General and Chief of Engineers for the United States Army Corps of Engineers, COLONEL JAMES L. BOOTH[2], in his official Capacity as Commanding District Engineer for the United States Army Corps of Engineers, Jacksonville District,<br><br>  Defendants. | Case No. 9:21-cv-81506-DMM |

---

[1] Mr. Pinkham's proper title is Acting Assistant Secretary of the Army (Civil Works).
[2] Automatically substituted for Andrew D. Kelly pursuant to Fed. R. Civ. P. 25(d).

1

127794580.1

| | |
|---|---|
| SUGAR CANE GROWERS COOPERATIVE OF FLORIDA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES ARMY CORPS OF ENGINEERS,  )<br>)<br>Defendant.  ) | Case No. 9:21-cv-81508-DMM |

## JOINT LITIGATION PLAN

Pursuant to this Court's November 3 Order, ECF No. 15 (ECF No. 11 in 9:21-cv-81506-DMM), the parties here submit their joint plan for the conduct of this litigation.

**CASE MANAGEMENT ISSUES ON WHICH THE PARTIES ARE AGREED**

**1. These are APA Cases That Will Be Decided Based on Summary Judgement Motions, Not at Trial.**

The claims in these cases are governed by the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. The parties agree that if they proceed to the merits, the cases can and should be decided on summary judgment motions based on an administrative record. *See Florida Wildlife Fed'n v. U.S. Army Corps of Eng'rs,* 401 F.Supp.2d 1298, 1307-08 (S.D. Fla. 2005) (Middlebrooks, J.). As a result, many of the issues typically addressed in a Joint Proposed Scheduling Order (see Local Rule 16.1(b)(3)) do not arise in an APA case such as this.

Defendants anticipate filing one or more dispositive motions in lieu of answers. If they do not file dispositive motions, or if such motions are denied, at least in part, the parties agree that defendants will need to lodge and certify an administrative record and that, based on review of the record, the merits of the case will need to be decided on cross-motions for summary judgment. If and when an administrative record is filed, the parties will try to agree upon and propose a schedule for summary judgment briefing. Failing agreement, a scheduling conference

2

at that time may be appropriate.

### 2. Intervention and Amendments

The parties are agreed that the deadline for new parties seeking intervention, or for amendments to the complaints, should be February 25, 2022.

### 3. Administrative Record Issues

As noted below, the parties have been unable to agree on a timetable for defendants' lodging the administrative record. In other respects the parties have been able to reach agreement.

The parties have had several discussions regarding processes for expediting the preparation and lodging of administrative record materials. First, regardless of whether defendants file a dispositive motion or answer, defendants will file an initial installment on the administrative record on their response date. This initial installment will consist of key administrative record documents including the decisions and agreement challenged by the three complaints in this case. While this initial installment will not be the complete administrative record, it will encompass documents that will be included in any administrative record that may later be filed in this case. The documents will be consecutively Bates numbered so that in briefing any dispositive motion(s) defendants may file, the parties can all cite to the same material.

Second, the parties have agreed to discuss the identification of a "focused" final administrative record in order to expedite the case, should defendants' dispositive motions be denied. By a "focused" administrative record defendants have proposed a record that includes all materials considered by the defendant agency, directly or indirectly, in reaching the challenged decisions and that relate to the subject matter of the three complaints – all considered documents,

3

in other words, related to the project's potential impacts on water supply, water supply Savings Clause analysis, the project's potential impacts on water quality, achievement of applicable water quality standards, or operations in consideration of water quality.[3]

Whether the parties will be able to agree on defendants' filing such a focused record is an open question. Also, the parties have not yet agreed to a proposed timetable for defendants' finalizing and lodging the administrative record, whether focused or not.

**CASE MANAGEMENT ISSUES ON WHICH THE PARTIES ARE NOT AGREED**

1. **Dispositive Motion Briefing Schedule**

As reflected in defendants' motion to consolidate, the parties had agreed to extend defendants' deadline for answering (or otherwise responding to) the three complaints until December 6, 2021. This Court's November 3 Order stayed all filing deadlines. Defendants currently anticipate filing dispositive motions in lieu of answers. The parties have been unable to agree on a briefing schedule.

**Plaintiffs' Position:** Plaintiffs' position is that the Army Corps should file its response to the complaints consistent with the briefing schedule the agency proposed to the Court in its Motion to Consolidate (DE 13). Pursuant to that schedule, the Army Corps would file its response to the complaints on December 6, 2021 (more than three months after the cases were filed); the plaintiffs would respond to any motion by January 14, 2022; and the Army Corps would file any replies by February 14, 2022. This schedule would provide the parties with sufficient time to prepare their papers and avoid scheduling issues for the plaintiffs over the

---

[3] Focusing the administrative record on the issues raised in the complaints would permit exclusion of extensive materials on a range of irrelevant subjects such as endangered and invasive species impacts, noise impacts, air quality impacts, recreational usage impacts, aesthetics, and cultural resources, to name a few.

winter holidays. The Army Corps provides no explanation as why it needs even more time to file a Motion to Dismiss.

Plaintiffs are concerned that the Army Corps is seeking a schedule that would allow it to file what is in effect a summary judgment motion without affording the plaintiffs the opportunity to do the same. The Army Corps has indicated its intention to provide the "first installment" of the administrative record at or before the time it files its responsive motion under Rule 12, which indicates that its motion will be based at least in part based on the administrative record. A motion filed under Rule 12 that is based on the administrative record would necessarily be intertwined with the merits of these APA cases and therefore would constitute a summary judgment motion. F.R.Civ.P. 12(d) (a motion filed under Rule 12(b)(6) "must be treated as one for summary judgment under Rule 56" if it presents "matters outside of the pleadings"); *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (a motion filed under Rule 12(b)(1) that "implicates the merits of the plaintiffs' cause of action" should be treated as a Rule 56 motion). Plaintiffs do not agree to a schedule that allows the Army Corps to file (what is in effect) a summary judgment motion without affording plaintiffs the opportunity to do the same.

**Defendants' Position:**

The fact that defendants anticipate filing the key decision documents at the same time they file their dispositive motion(s), for the convenience of the Court and the parties, does not mean that defendants' dispositive motion(s) will be convertible into summary judgment motion(s). As this Court has noted, "[i]n analyzing the sufficiency of the complaint, the Court may consider documents 'central to or referenced in the complaint.'" *Certain Underwriters at Lloyd's London v. BE Logistics, Inc.*, 736 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010) (*quoting La Grasta v. First Union Sec., Inc.,* 358 F. 3d 840, 845 (11th Cir. 2004); *see also Bozeman v. Lucent*

5

*Techs., Inc.*, 378 F. Supp. 2d 1348, 1350 (M.D. Ala. 2005) (where "documents are indisputable, and their subject matter is otherwise directly referenced in the Complaint, [they] can properly be attached to a motion to dismiss without converting it into a summary judgment motion") (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)); *Brooks v. Blue Cross & Blue Shield*, 116 F. 3d 1364, 1369 (11th Cir. 1997). Plaintiffs' complaints are emphatic in identifying the documents they challenge.[4]

Defendants request that they be given until January 6, 2022, to file their dispositive motion(s). These are complex cases, and while there is substantial overlap between the three complaints, each raises unique issues. The U. S. Sugar complaint, for example (Case No. 9:21-cv-81506), alleges that the government's decisions do not provide adequate assurances regarding water quality, an issue not raised in the other two complaints. Defendants believe that this additional time is reasonable, especially given the upcoming holidays, and that the Court and the parties will be better served by defendants having some additional time to brief the cases.

Defendants will agree to any reasonable amount of time for plaintiffs' filing of responsive papers. Because defendants may need to respond to three separate oppositions, we request thirty days to prepare and file a reply brief. On the understanding that plaintiffs will want forty days to prepare opposition papers, defendants' proposed schedule for briefing dispositive motions would be:

January 6, 2022 – defendants' motions due;

---

[4] The lawsuits challenge Corps 2014 and 2020 NEPA analyses and decisions, the 2021 Project Partnership Agreement (PPA) between the Corps and the South Florida Water Management District (SFWMD, the Department of Army permit that the Jacksonville District issued to SFWMD for a storm water treatment facility, and SFWMD's study conducted under Section 203 of the Water Resources Development Act of 1986, as amended. *See* U.S. Sugar Complaint ¶ 3; Okeelanta Complaint ¶¶ 36, 57-61, 63-68; Sugar Cane Growers Cooperative Complaint ¶¶ 12, 32.

February 15, 2022 – plaintiffs' opposition(s) due;

March 17, 2022 – defendants' replies due.

Defendants also expect that they will need to seek relief from the 20-page limit under the Local Rules, but will try to reach agreement with plaintiffs when the papers are closer to completion.

## 2. Administrative Record Schedule

Whether the parties will be able to agree on defendants filing a focused record is an open question. Also, the parties have not agreed to a timetable for defendants lodging the administrative record.

**Plaintiffs' Position:** The Court should establish a date-certain for production of the record, and not link the deadline to provide the administrative record to the resolution of any motions filed by the Army Corps. The Court has a busy case load, and the Army Corps' compilation of the administrative record can take place while the Court is considering any motions that might be filed in response to the complaints.

The sooner the Army Corps provides a complete administrative record for the claims in these cases, the sooner the cases can be resolved. Plaintiffs believe that the Army Corps should be required to provide the complete administrative record by February 25, 2022, which is six months after the complaints were filed. This should be more than enough time for the government to compile the record, especially given the fact that the complaints raise only a few discrete issues related to the EAA Reservoir.

The Army Corps' request for an additional six months or more from now – at least nine months from the date the complaints were filed -- to provide the full administrative record regarding these claims is unwarranted. The agency has indicated that it will provide the "first

installment" of the record in December 2021, and apparently intends to file dispositive motions based on that portion of the record. It is unreasonable for the Army Corps to provide the portions of the record that it thinks helps the agency for purposes of its upcoming motions, but to delay providing the remaining portions of the record that presumably would be more helpful to the plaintiffs. The Court should order the Army Corps to provide the full administrative record in February so that the so that the Court can decide the merits of the case based on the complete record.

**Defendants' Position:** It is defendants' position that a schedule for lodging the administrative record is premature, given that they presently intend to file dispositive motions and, if those motions are granted and the cases dismissed, the administrative record is moot. That said, defendants do not propose that they delay efforts to begin preparing a full administrative record until any dispositive motions have been resolved. Instead, defendants propose that they work on the compilation of the administrative record while briefing is ongoing, so that the record can be filed, if it is necessary to be filed, within a reasonable period of time after resolution of any dispositive motions.

Plaintiffs' proposed date for filing the complete administrative record is unrealistic, and the idea that by filing what plaintiffs agree are the key decision documents in the case defendants are cherry-picking the record is unfounded.

The United States proposes that its target for lodging and certifying a focused administrative record be six months. Corps representatives who will shoulder the responsibility for compiling the record have informed counsel for defendants that six months is a realistic timeline, given the complexity of these cases, the numerous sources and offices from which record documents would be compiled, and the numerous agency decisions under review.

127794580.1

Because the briefing and resolution of defendants' dispositive motion(s) will take some months, the United States' proposal contemplates the lodging and certifying of a focused administrative record within approximately 1-3 months of the resolution of defendants' motions, should the cases continue.

If the parties are unable to reach agreement on a focused administrative record, the timetable for completion would involve an additional several months.

Dated this 17th day of November, 2021.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/Peter Kryn Dykema
Peter Kryn Dykema
Sally J. Sullivan
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington DC 20044-7611
peter.dykema@usdoj.gov
sally.sullivan@usdoj.gov
Phone: (202) 305 0436
Fax: (202) 305 0274

*Attorneys for Defendants*

/s/ Neal McAliley (with permission)
T. Neal McAliley
Florida Bar No. 172091
nmcaliley@carltonfields.com
Charles Throckmorton
Florida Bar No. 101203
cthrockmorton@carltonfields.com
CARLTON FIELDS, P.A.
2 MiamiCentral

9

127794580.1

700 NW 1st Avenue, Suite 1200
Miami, Florida 33136
Tel: (305) 530-0050
Fax: (305) 530-0055

*Attorneys for Okeelanta Corporation*

*/s/ Gregory M. Munson (with permission)*
GREGORY M. MUNSON
Florida Bar No.:188344
GUNSTER, YOAKLEY
& STEWART, P.A.
215 South Monroe Street, Suite 601
Tallahassee, Florida 32301
Primary email: gmunson@gunster.com
Secondary email: mmcleod@gunster.com,
rfrazier@gunster.com, and eservice@gunster.com
Telephone: 850-521-1980
Facsimile: 850-576-0902

DEBORAH K. MADDEN
Florida Bar No. 0098816
GUNSTER, YOAKLEY
& STEWART, P.A.
Las Olas Centre
450 East Las Olas Boulevard, Suite 1400
Case 9:21-cv-81505-DMM Document 17 Entered on FLSD Docket 11/12/2021 7
Fort Lauderdale, Florida 33301
Primary email: dmadden@gunster.com
Secondary email: mmcleod@gunster.com,
gmorales@gunster.com, and eservice@gunster.com
Telephone: 954-462-2000
Facsimile: 954-523-1722

LUNA E. PHILLIPS
Florida Bar No. 0063673
GUNSTER, YOAKLEY
& STEWART, P.A.
Las Olas Centre
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Primary email: lphillips@gunster.com
Secondary email: mmcleod@gunster.com,
gmorales@gunster.com, and eservice@gunster.com
Telephone: 954-462-2000

Facsimile: 954-523-1722

*Attorneys for United States Sugar Corporation*

<u>/s/ Gary V. Perko (with permission)</u>
Gary V. Perko
Florida Bar No.: 855898
Gary K Hunter
Florida Bar No.: 949779
Mohammad O. Jazil
Florida Bar No.: 72556
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
119 South Monroe Street, Suite 500
Telephone:(850)270-5938
gperko@holtzmanvogel.com
ghunter@holtzmanvogel.com
mjazil@holtzmanvogel.com

*Attorneys for Sugar Cane Growers Cooperative of Florida*

Electronically filed.

127794580.1