UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OKEELANTA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant.<br>_____/ | Case No. 9:21-cv-81505-DMM |
| UNITED STATES SUGAR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*,<br><br>    Defendants.<br>_____/ | Case No. 9:21-cv-81506-DMM |
| SUGAR CANE GROWERS COOPERATIVE OF FLORIDA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant.<br>_____/ | Case No. 9:21-cv-81508-DMM |

**ORDER CONSOLIDATING CASES AND SETTING PRETRIAL SCHEDULE**

    THIS CAUSE comes before the Court upon three Unopposed Motions for Consolidation and for Extension of Filing Deadlines filed by Defendants in related cases. (Case no. 21-CV-

81505-DMM, DE 13; Case no. 21-CV-81506-DMM, DE 9; Case no. 21-CV-81508-DMM, DE 13). For the reasons set forth below and the reasons stated on the record at the scheduling conference, the Motions are granted on the issue of consolidation and granted in part on the issue of the pretrial schedule.

**A. Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Further, "district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). A decision to consolidate under Rule 42(a) is discretionary, and the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (alterations in original) (citations omitted).

In light of the Parties' agreement, the common legal and factual issues, and the burden on the Parties and the Court posed by multiple lawsuits, I will consolidate these cases into the earlier-filed case of 21-CV-81505.

**B. Pretrial Schedule**

The Parties agree that the resolution of this action will be decided on the basis of the evidence contained in the administrative record. Therefore, the Parties submit that this case is

amenable to resolution through briefing alone. The Parties shall adhere to the following pretrial schedule, which shall not be modified absent a showing of good cause:

| | |
|---|---|
| **January 6, 2022** | Defendants file their Motion to Dismiss. The regular briefing schedule pursuant to Local Rule 7.1(c)(1) shall apply. |
| **May 1, 2022** | Defendants lodge the administrative record. |
| **June 1, 2022** | Plaintiffs complete their review of the administrative record and the Parties attempt to resolve any issues by this date. |
| **July 1, 2022** | The Parties shall mediate or participate in a settlement conference pursuant to Local Rule 16.2. The Parties may request a settlement conference before a U.S. Magistrate Judge in lieu of mediation with a certified mediator. |
| **July 15, 2022** | Plaintiffs file their motion for summary judgment. |
| **August 29, 2022** | Defendants file their combined opposition to Plaintiffs' motion for summary judgment, and cross-motion for summary judgment. |
| **September 28, 2022** | Plaintiffs file their combined reply to Defendants' opposition to motion for summary judgment/response to cross-motion for summary judgment. |
| **October 28, 2022** | Defendants file their reply to Plaintiffs' opposition to Defendants' cross-motion for summary judgment. |

In the event that the Parties have a disagreement about the contents of the administrative record that they cannot resolve themselves, they should file appropriate motions. The filing of such motions shall not affect the briefing deadlines set forth in this Order absent a showing of good cause and demonstrable diligence.

Additionally, to the extent that any party finds that it must file a separate brief or obtain an extension of page limits to express a divergent position, that party may move the court for appropriate relief. However, the Parties are reminded of my view that effective advocacy is concise and duplicity should be avoided. Co-parties should make every endeavor to file jointly and within the proscribed page limits prior to seeking such relief.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendants' Unopposed Motions for Consolidation and for Extension of Filing Deadlines (DE 13 in Case No. 21-CV-81505-DMM) is **GRANTED IN PART**.

(2) Defendants' Unopposed Motions for Consolidation and for Extension of Filing Deadlines (DE 9 in Case No. 21-CV-81506-DMM) is **GRANTED IN PART**.

(3) Defendants' Unopposed Motions for Consolidation and for Extension of Filing Deadlines (DE 13 in Case No. 21-CV-81508-DMM) is **GRANTED IN PART**.

(4) The Clerk of Court shall **ADMINISTRATIVELY CLOSE** Case No. 21-CV-81506 and Case No. 21-CV-81508 and **DENY AS MOOT** any pending motions in those matters.

(5) All future filings shall be made under **Case No. 21-CV-81505 only**.

(6) The Parties shall adhere to the pretrial schedule set forth in this order.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 30 day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record