UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OKEELANTA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ARMY CORPS OF ) <br> ENGINEERS, ) <br> ) <br> Defendant. ) | Case No. 9:21-cv-81505-DMM |
| UNITED STATES SUGAR CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ARMY CORPS OF ) <br> ENGINEERS, CHRISTINE E. WORMUTH, ) <br> in her official capacity as Secretary of the Army, ) <br> MICHAEL L. CONNOR, in his official capacity as ) <br> Assistant Secretary of the Army (Civil Works)[1], ) <br> LIEUTENANT GENERAL SCOTT A. ) <br> SPELLMON, in his official capacity as ) <br> Commanding General and Chief of Engineers for ) <br> the United States Army Corps of Engineers, ) <br> COLONEL JAMES L. BOOTH[2], in his official ) <br> Capacity as Commanding District Engineer for the ) <br> United States Army Corps of Engineers, ) <br> Jacksonville District, ) <br> ) <br> Defendants. ) | Case No. 9:21-cv-81506-DMM |

---

[1] Automatically substituted for Jaime A. Pinkham pursuant to Fed. R. Civ. P. 25(d).

[2] Automatically substituted for Andrew D. Kelly pursuant to Fed. R. Civ. P. 25(d).

1

127794580.1

| | |
|---|---|
| SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) |
| Defendant. | ) ) |

Case No. 9:21-cv-81508-DMM

# MOTION FOR PROTECTIVE ORDER
# BY THE UNITED STATES ARMY CORPS OF ENGINEERS

The night before Thanksgiving Plaintiff Okeelanta Corporation (Okeelanta) served Interrogatories and Requests for Production of Documents[3] on Defendant United States Army Corps of Engineers (Corps), returnable (under Fed. R. Civ. P. 33-34) on Christmas Eve. In an Administrative Procedure Act (APA) case such as this the propounded discovery is wholly improper. The Corps accordingly requests issuance of a Protective Order under Rule 26(c) forbidding the discovery and absolving the Corps of any obligation to respond to it.

---

[3] Attached hereto as Exhibits A and B.

2

127794580.1

I.  FACTS

"The Parties agree that the resolution of this action will be decided on the basis of the evidence contained in the administrative record." *Order Consolidating Cases And Setting Pretrial Schedule*, ECF No. 20 (November 30, 2021) at 2. The Court's November 30 Order thus set a briefing schedule for deciding the case based upon an administrative record to be lodged on or before May 1, 2022. *Id*. at 3. Contrary to their agreement[4] (and the Court's subsequent Order), on November 24, Okeelanta served Interrogatories and Requests for Production of Documents under Fed. R. Civ. P. 33 and 34. The interrogatories (Exh. A) demand information regarding the Corps' promulgation of various regulatory documents and the Corps' compliance with various provisions in its programmatic regulations for the Comprehensive Everglades Restoration Plan (CERP), 33 C.F.R. Part 385.[5] The document requests (Exh. B) demand production of eighteen categories of documents, including all drafts of certain regulatory documents, and all "document[s] that

---

[4] *Joint Litigation Plan*, ECF No. 18 (November 17, 2021) at 2 (documenting the parties' agreement that "if they proceed to the merits, the cases can and should be decided on summary judgment motions based on an administrative record"). Okeelanta did not request discovery deadlines be included in the schedule in the Joint Litigation Plan; instead, the parties agreed that "many of the issues typically addressed in a Joint Proposed Scheduling Order (see Local Rule 16.1(b)(3)) do not arise in an APA case such as this." *Id*. Okeelanta also didn't mention a need for discovery during the Scheduling Conference held November 19, 2021. *Paperless Minute Entry*, ECF No. 19 (November 19, 2021).

[5] In Section 309(l) of the Water Resources Development Act (WRDA) of 1992 (with additional guidance provided in Section 528 of the 1996 WRDA), Congress authorized a comprehensive study aimed at restoring the Everglades. Between 1996 and 1999, the Corps performed that study, culminating in the Central and Southern Florida Project Comprehensive Review Study Final Integrated Feasibility Report and Program, also known as the "Yellow Book." The 2000 WRDA adopted and authorized the Yellow Book "as the framework for modifications" to water management in central and southern Florida, which became known as CERP. WRDA 2000, Pub. L. No. 106-541, § 601(b)(1)(A), 114 Stat. 2680 (Dec. 11, 2000). WRDA 2000 directed the Corps to implement the Comprehensive Plan, and to integrate it with ongoing federal and state projects. *Id*. § 601(b)(1)(A)-(B). The Corps promulgated "programmatic regulations", as required by Section 601(h)(3) of WRDA 2000, to ensure that the goals and purposes of CERP are achieved. 33 C.F.R. § 385.1 *et seq*.

3

describe[] and/or explain[] the Corps' and/or South Florida Water Management District's actions related to the development or adoption" of regulatory documents.

As recounted in Section III below, counsel for the Corps has engaged with Okeelanta's counsel in an unsuccessful effort to avoid the necessity of asking for the Court's assistance.

## II.   ARGUMENT

In the Eleventh Circuit's leading case on point, *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers* ("*PEACH*"), 87 F.3d 1242 (11th Cir. 1996), the court noted that, in cases brought under the APA, "[t]he focal point for judicial review of an administrative agency's action should be the administrative record" (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)), and that the "task of the reviewing court is to apply the appropriate . . . standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *PEACH*, 87 F.3d at 1246 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)). Consistent with this basic rule, the Eleventh Circuit has routinely affirmed district court protective orders banning all discovery in APA cases.

*PEACH* itself was such a case, 87 F.3d at 1247 ("The District Court did not err in limiting its review to the administrative record and so did not abuse its discretion by granting a protective order prohibiting any discovery"), and more recent decisions are no different. *See Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (the "district court did not abuse its discretion in disallowing . . . discovery" beyond the administrative record); *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 866 (11th Cir. 2020).

Most such cases, like *Alabama-Tombigbee Rivers Coal.*, involve document requests, but interrogatories are similarly prohibited. In *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012), the court noted that in a case involving "review of agency

4

action under the APA . . . the standard discovery tools of civil litigation—including depositions, interrogatories, and, germane here, wide-ranging document production of materials that may potentially lead to admissible evidence—do not apply." 890 F. Supp. 2d at 312 (citing *Tafas v. Dudas*, 530 F. Supp.2d 786, 794 (E.D. Va. 2008), and *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F. 3d 182, 195 (3d Cir. 2006)); see also *Sierra Club v. U.S. Dep't of Energy*, 26 F.Supp.2d 1268, 1272 (D.Colo.1998), adopted by, 1998 WL 895927 (D.Colo.1998) (disallowing interrogatories and requests for production of documents in a NEPA case); *Bark v. Northrop*, 2 F. Supp. 3d 1147, 1153 (D. Or. 2014) (granting protective order in APA case against interrogatories and requests for production).

To be sure, there are limited exceptions to the record review rule. In *PEACH*, the Eleventh Circuit noted that a court may go beyond the administrative record "only where: 1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) technical terms or complex subjects need to be explained; or 4) there is a strong showing of agency bad faith or improper behavior." 87 F.3d at 1246 n.1 (quoting *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir.1988)). But in its efforts to justify serving discovery in this case (section III below) Okeelanta has not suggested that any of these exceptions does or could apply.

And at this stage in the case – before the administrative record has even been compiled – demonstrating the applicability of any of these exceptions is a virtual impossibility, as noted by the court in *Rb Jai Alai, LLC v. Sec'y of the Fla. Dep't of Transportation*, No. 6:13-CV-1167-ORL-36GJK, 2013 WL 12156047, at *2 (M.D. Fla. Dec. 23, 2013):

> Defendants convincingly argue that discovery at this stage of the proceeding would be premature. As previously mentioned, the administrative record has not been filed with the Court. Consequently, the Court is unable to determine whether discovery outside the administrative record is necessary. *See Region 8*

5

> *Forest Serv. Timber Purchasers Council v. Alcock*, 736 F. Supp. 267, 275 (N.D. Ga. 1990) (finding plaintiff's discovery request premature since administrative record had not yet been filed with the court). Also, Plaintiff provides no authority permitting discovery to occur before the administrative record is filed. . . . Further, Plaintiff has not demonstrated that any of the exceptions to the general rule prohibiting discovery in actions instituted under the APA exist in this case.

Plaintiff's discovery is improper. [6]

Okeelanta's document requests suffer from the additional problem that many of the documents sought (including "drafts" of regulatory documents and other materials "related to the development or adoption" of regulatory documents) constitute deliberative materials and therefore are not just immune from discovery but are also properly excluded from the administrative record for purposes of judicial review. *Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-CV-13-SPC-NPM, 2021 WL 5634131, at *2 (M.D. Fla. Dec. 1, 2021). And Okeelanta's most recent offer (p. 9 *infra*) to accept (in lieu of production now) a promise by the Corps to include all responsive, non-privileged documents in the administrative record is no solution at all, as it amounts to an effort by Okeelanta to dictate the contents of the record. The effort is unlawful, first, because it seeks inclusion in the administrative record of materials not considered by the Corps in making the decisions at issue in this case, contrary to the basic rule that the record must be limited to "documents considered by the [agency] prior to the agency action," *PEACH*, 87 F.3d at 1246 n. 2, and, second, because compilation of the record is a matter entrusted to the responsible agency. *Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, No. 8:17-CV-618-T-23MAP, 2017 WL 6387977, at *1 (M.D. Fla. Dec. 14, 2017),

---

[6] Even if this were normal civil litigation, Okeelanta's discovery demands would be untimely because the defendants have not answered Okeelanta's Complaint and there has been no Rule 26(f) conference. Expedited consideration of the instant motion is therefore unnecessary as the discovery at issue, even in normal civil litigation, has not been properly served under Fed. R. Civ. P. 26(d).

6

127794580.1

aff'd, 941 F.3d 1288 (11th Cir. 2019) ("Because an agency uniquely knows the content of the record the agency considered in deciding an issue, the judiciary defers to an agency's certification of the administrative record and permits supplementing the administrative record only if the plaintiff initially shows 'strong [evidence] of bad faith or improper behavior' in the agency's production of the administrative record") (citing *Alabama–Tombigbee Rivers Coal.*, 477 F.3d at 1262.). And, in any event, should Okeelanta for some reason believe that the Corps' certified administrative record is incomplete or inadequate, Okeelanta will have the opportunity to raise those concerns with Defendants' counsel and, if appropriate, the Court.[7] But the Corps must first finish compiling and certify its administrative record.

### III.   CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)

The undersigned hereby certifies that he has conferred with counsel for Okeelanta in a good faith effort to resolve the issues raised in the instant motion and has been unable to do so. Specifically, by email dated December 3, the undersigned wrote:

> We were surprised to receive, late on Thanksgiving eve, discovery demands in the above-captioned case. The discovery is improper and we ask that it be withdrawn.
>
> The Eleventh Circuit has routinely upheld District Court refusals to permit discovery in APA cases. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246–47 (11th Cir. 1996) (affirming protective order against discovery in APA case); *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (the "district court did not abuse its discretion in disallowing ... discovery"); *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 866 (11th Cir. 2020) (similar); *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (similar). And the courts are even more emphatic when discovery is attempted even before the administrative record is lodged. *Rb Jai Alai, LLC v. Sec'y of the Fla. Dep't of Transportation*, No. 613CV1167ORL36GJK, 2013 WL 12156047, at *2 (M.D. Fla. Dec. 23, 2013). This case is no exception; as Judge Middlebrooks just recently

---

[7] With the agreement of the parties, this Court's November 30 Order specifically allows time for the parties to resolve any disagreements about the completeness or contents of the administrative record. ECF No. 20 at 3.

> observed, "[t]he Parties agree that the resolution of this action will be decided on the basis of the evidence contained in the administrative record." The court's scheduling order does not provide for discovery, which is unsurprising, given that this is an APA case—a point on which all parties, including Okeelanta, have expressly agreed. See ECF No. 18 at 2 ("The claims in these cases are governed by the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. The parties agree that if they proceed to the merits, the cases can and should be decided on summary judgment motions based on an administrative record.").
>
> Please allow us to avoid unnecessary motions practice, which will prove a waste of both the court's and the parties' time, and withdraw the Interrogatories and Requests for Production served by email on November 24.

By email dated December 7, counsel for Okeelanta responded:

> Thank you for your email. I'm concerned that there may be a misunderstanding about the nature of these discovery requests, so I am writing to clarify the information we are seeking. We see these requests as asking for a small, targeted number of documents in the administrative record so that we can prepare our case, and given that the Corps has been asking for the plaintiffs' input on the scope of the record, we do not think that these requests are improper.
>
> As an initial matter, we agree that the focal point of judicial review in an APA case is the administrative record. Our discovery requests seek information that should be in the administrative record, specifically, documents related to three provisions of the Corps' Programmatic Regulations that are cited in Okeelanta's complaint. The cases you cite all address discovery outside of the administrative record, and therefore are inapposite.
>
> We sent you these discovery requests now for two reasons. First, we believe this information may help us prepare for the Corps' response to Okeelanta's complaint. You have already indicated that the Corps is going to provide the first installment of the administrative record at the time you file your Motion to Dismiss, and we would like these documents to be included in that initial production. We also think that this information would help us prepare for summary judgment briefing, and receiving these few documents now will reduce the chance of delays later. Second, the interrogatories likely will serve to fill a gap in the administrative record. The interrogatories ask whether the Corps ever finalized three specific documents, and it is our growing belief that the Corps never did issue final documents. If that is the case, production of the administrative record would not contain final versions of the documents, and we will be left to wondering whether the Corps just forgot to include the documents or whether the documents do not exist. The interrogatories solve this problem by getting a direct answer whether final documents even exist.
>
> We do not believe that these requests impose any real burden on the Corps.

8

127794580.1

> They are very targeted, and seek only a small number of documents. Moreover, you have been asking for plaintiffs' input on "focusing" the record, and we see these requests as providing input on identifying at least some of the documents in the record.
>
> To the extent that the Corps is concerned about timing and logistics, we would be happy discuss potential compromises to address the agency's concerns. For example, if the Corps answers the interrogatories on a timely basis, and provides the documents requested in Request for Production 1 in the initial installment of the administrative record, then we could agree to have the Corps simply include the remaining documents in the main body of the administrative record provided on May 1. If the Corps did not finalize the documents in question, then the Corps would not have to provide anything before it produces the main body of the administrative record in May. There may be other ways that the Corps could simplify the production of documents identified in the Requests for Production, and we would be happy to discuss them. If you would like to discuss, please let me know some convenient times to talk this week so that we can set up a call. Right now, I have a lot of availability on Friday (other than at lunch time) for a call.

After counsel for Okeelanta suggested a telephone call, the undersigned responded to the December 7 email on December 17:

> I do not think I have misunderstood anything. Interrogatories and document requests are routinely disallowed in APA cases, and the many categories of documents you have requested will either be included in the administrative record in due course or are not properly part of that record (as being irrelevant, or privileged, of for another reason). I don't doubt that you intend your discovery requests to assist you in preparation of your case. But as you know, in APA cases the process is otherwise. And the "compromises" that you suggest are not compromises at all. They assume that we will answer improperly propounded interrogatories and agree to include in the administrative record materials that have not been considered for inclusion and that may in some cases be properly excludable. I again ask that the discovery be withdrawn, or we will file our motion for protective order. If, having withdrawn the discovery, there is information that you believe the Corps can reasonably provide as a professional courtesy, we will of course consider any such request.

Okeelanta's December 19 response was:

> I believe we have a right to the discovery. However, we don't want to burden the court more than necessary. In an effort to resolve our dispute, if Okeelanta withdraws the discovery, will the Corps a) answer our questions about whether the documents were finalized, and b) agree to include nonprivileged

9

127794580.1

documents requested in the administrative record? That would seem to resolve the dispute.

## IV.  CONCLUSION

For the foregoing reasons the Corps respectfully requests issuance of a protective order prohibiting discovery in this case.

Dated this 21st day of December, 2021.

        Respectfully submitted,

        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division

        */s/Peter Kryn Dykema*
        Peter Kryn Dykema
        Sally J. Sullivan
        U.S. Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        P.O. Box 7611
        Washington DC 20044-7611
        peter.dykema@usdoj.gov
        sally.sullivan@usdoj.gov
        Phone: (202) 305 0436
        Fax: (202) 305 0274

        *Attorneys for Defendants*

Electronically filed.