# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81505-CV-MIDDLEBROOKS

OKEELANTA CORPORATION, et al.,

    Plaintiffs,

        v.

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court upon the Army Corps of Engineers' ("the Corps") Motion for Protective Order ("Motion"), filed December 21, 2021. (DE 21). Therein the Corps requests a protective order pursuant to Federal Rule of Civil Procedure 26(c) barring discovery requests served by Plaintiff Okeelanta Corporation ("Okeelanta"). (*Id.* at 2). Okeelanta responded on January 3, 2022. (DE 22). For the reasons set forth below, the Motion is granted.

Okeelanta, among other Plaintiffs, brought this now-consolidated action under the Administrative Procedure Act ("APA") to challenge certain actions taken by the Corps. The Parties jointly agreed that, following the motion to dismiss stage, Defendants "will need to lodge and certify an administrative record" and "the merits of the case will need to be decided on cross-motions for summary judgment" based upon that record. (DE 18 at 2). Pursuant to these representations, and after a scheduling conference, I entered an order setting forth the schedule on which this case will proceed. (DE 20). Relevant here, Defendants' motion to dismiss is due on January 6, 2022 and it must lodge the administrative record by May 1, 2022. (*Id.* at 3). Thereafter,

and before summary judgment briefing, Plaintiffs review the administrative record and the Parties attempt to resolve any disputes related thereto. (*Id.*).

On November 24, 2021, Okeelanta served requests for interrogatories and production under Federal Rules of Civil Procedure 33 and 34 that, as Okeelanta describes, asks the Corps "to state whether it took three actions that are relevant to the issues in this case" and provide related documentation.[1] (DE 22 at 2). Okeelanta and the Corps agree that "[t]he focal point for judicial review of an administrative agency's action should be the administrative record," pursuant to *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs ("PEACH")*, 87 F.3d 1241, 1246 (11th Cir. 1996). (DE 21 at 4); (DE 22 at 5). The Corps contends that traditional discovery is improper in an APA action such as this, or, is at least improper at this stage of the proceeding. (DE 21 at 1, 5). Okeelanta, however, contends that its discovery requests are proper because the documents it seeks "should" be included in the administrative record and are necessary for Okeelanta to prepare its case, and therefore, the records should be produced pursuant to its discovery requests or, alternatively, included in the administrative record. (DE 22 at 2, 6).

As Okeelanta notes, the administrative record "consists of documents before the agency at the time it made the challenged decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 104–07 (1977). In an APA case, the "task of the reviewing court is to" review "the agency decision *based on the record the agency presents* to the reviewing court." *PEACH*, 87 F.3d at 1246 (quoting *Fla. Power*

---

[1] The First Set of Interrogatories includes three interrogatories. (DE 22-1). The First Request for Production of Documents includes four overarching requests, but including sub-requests, Okeelanta sought a total of eighteen categories of documents. (DE 22-2). These include: final versions of regulatory documents, draft versions of regulatory documents, public notices, comments received, "memorandum of record," "statements of concurrence or non-concurrence," and other broad requests for "any document" evidencing certain approvals or describing certain actions taken by the Corps. (*Id.*).

*& Light Co. v. Lorion,* 470 U.S. 729, 743–44 (1985)) (internal quotation marks omitted and emphasis added). "The factfinding capacity of the district court is thus typically unnecessary" because the court is "to decide, on the basis of *the record the agency provides* whether the action passes muster under the appropriate APA standard of review." *Id.* (quoting *Fla. Power & Light Co.*, 470 U.S. at 744) (emphasis added); *see United States v. Guthrie*, 50 F.3d 936, 944 (11th Cir. 1995). Accordingly, discovery outside the administrative record is generally inappropriate. *E.g.*, *Ala.-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) ("[The district court] is not generally empowered to . . . go[] beyond the administrative record." (quoting *PEACH*, 87 F.3d at 1246)).

Okeelanta contends that the documents it requested "all *should* be part of the administrative record in this case," and it seeks to "clarify *likely* gaps" in the record. (DE 22 at 6 (emphasis added)). That request is premature, as the Corps has not yet produced the administrative record. And even then, only "certain circumstances may justify the district court going beyond the administrative record." *Kempthorne*, 477 F.3d at 1262 (citing *PEACH*, 87 F.3d at 1246). "This 'principle reflects the recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided.'" *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (per curiam) (quoting *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019)). "The district court may order discovery beyond the administrative record only where there is 'a strong showing of bad faith or improper behavior' by the agency." *Id.* (quoting *Dep't of Commerce*, 139 S. Ct. at 2573–74)); *see also Nat'l Mining Ass'n v. Sec'y, U.S. Dep't of Labor*, 812 F.3d 843, 875 (11th Cir. 2016) (noting that while "various factors" can be considered, the Court of Appeals "focuse[s] pointedly"

3

on whether the proponent of the discovery makes "a strong showing of bad faith or improper behavior by the agency" (internal quotation marks and citations omitted)).

The Eleventh Circuit routinely upholds the decision of district courts to disallow extra-record discovery without a sufficient justifying reason, such as a showing of bad faith. *See Kempthorne*, 477 F.3d at 1262 (finding that the district court did not abuse its discretion by disallowing discovery because the petitioner did not make the requisite showing of bad faith); *see also Marllantas*, 806 F. App'x at 866 (same); *PEACH*, 87 F.3d at 1247 (finding that the district court did not abuse its discretion by barring discovery via protective order because the Court of Appeals "[found] nothing that would necessitate expanding the court's review beyond the administrative record"); *Nat'l Mining Ass'n*, 812 F.3d at 875 (refusing to take judicial notice of extra-record materials and confining review to the administrative record because the petitioners did not make a sufficient showing of bad faith).

Okeelanta's prediction as to the gaps in the future record and argument as to what *should* be contained in the record is, at this point, speculative. Okeelanta served the discovery at issue at least in part because it foresees a potential gap in the record, i.e., it seeks the production of documents that may very well fall outside the administrative record produced by the Corps. Based upon the foregoing, it would be inappropriate to allow such discovery prior to the production of that record. Questions as to what should have, but was not, included in the record lodged by the Corps cannot be presently addressed, and I cannot possibly discern whether cause exists to allow potentially external discovery at this point. And to the extent that documents sought are contained within the administrative record, a request to produce those documents now contravenes the May 1, 2022 deadline for the lodging of the administrative record as set forth in the Scheduling Order.

I am also not persuaded by Okeelanta's argument as to the present necessity of these documents to prepare for "merits briefing" or to amend its complaint. As to briefing, the Corps intends to produce with its motion to dismiss an installment of the administrative record including "key administrative record documents including the decisions and agreement challenged by" Plaintiffs (DE 18 at 3), and summary judgment briefing does not commence until six months from now. (DE 20 at 3). As to amending its complaint, Okeelanta may amend its complaint once as of right within twenty-one days of the Corps' forthcoming motion to dismiss, and, outside that time period, it may move for leave to amend its complaint which shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). Further, Okeelanta may move for appropriate extensions of time if it is clear that it cannot meet a deadline despite its demonstrable diligence.

After the Corps lodges the administrative record, Okeelanta will have the opportunity to challenge aspects of the record and seek appropriate relief by way of motion(s), should the Parties be unable to resolve such disputes without court intervention. (DE 20 at 3). Okeelanta may ask the court to revisit the question of the propriety of extra-record discovery, in accordance with Circuit precedent on that issue, after the Corps produces the administrative record.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Corps' Motion for Protective Order (DE 21) is **GRANTED** with respect to Okeelanta's November 24, 2021 discovery requests.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 4th day of January, 2022.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record