UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OKEELANTA CORPORATION,<br><br>  Plaintiff,<br><br>     v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>  Defendant. | Case No. 9:21-cv-81505-DMM |
| UNITED STATES SUGAR CORPORATION,<br><br>  Plaintiff,<br><br>     v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, CHRISTINE E. WORMUTH, in her official capacity as Secretary of the Army, MICHAEL L. CONNOR, in his official capacity as Assistant Secretary of the Army (Civil Works)[1], LIEUTENANT GENERAL SCOTT A. SPELLMON, in his official capacity as Commanding General and Chief of Engineers for the United States Army Corps of Engineers, COLONEL JAMES L. BOOTH[2], in his official Capacity as Commanding District Engineer for the United States Army Corps of Engineers, Jacksonville District,<br><br>  Defendants. | Case No. 9:21-cv-81506-DMM |

---

[1] Automatically substituted for Jaime A. Pinkham pursuant to Fed. R. Civ. P. 25(d).
[2] Automatically substituted for Andrew D. Kelly pursuant to Fed. R. Civ. P. 25(d).

127794580.1

| | |
|---|---|
| SUGAR CANE GROWERS COOPERATIVE OF FLORIDA,<br><br>　Plaintiff,<br><br>　v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 9:21-cv-81508-DMM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' OPPOSITION TO JOINT MOTION OF FLORIDA FRUIT AND VEGETABLE ASSOCIATION AND THE FLORIDA FARM BUREAU FEDERATION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Florida Fruit and Vegetable Association ("FFVA") and the Florida Farm Bureau Federation ("Farm Bureau"), citing Rule 29 of the Federal Rules of Appellate Procedure, seek leave to file an *amicus curiae* brief in support of the summary judgment motion filed by the Plaintiffs in this consolidated action. ECF No. 51. Defendants oppose the *amicus* motion. Should the Court allow the filing, Defendants request that the limit on the length of Defendants' opposition and cross-motion be extended by five pages.

"The decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the Court." *Dejulio v. Georgia*, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (citing *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)); *Leal v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, No. 6:08-CV-1062-ORL-22G, 2009 WL 1148633, at *1–2 (M.D. Fla. Apr. 28, 2009). But as the court noted in *Leal*, "[t]he circumstances under which an *amicus* brief is considered desirable, however, are limited:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case ... or when the *amicus* has unique information or perspective that can help the court beyond the

2

> help that lawyers for the parties are able to provide. Otherwise, leave to file an *amicus* brief should be denied.

2009 WL 1148633, at *1–2 (citing *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062-3 (7th Cir. 1997) (Posner, J.))). As stated by this Court, "acceptance of an ... *amicus curiae* should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988) (*quoting Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982) (*citing Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970))).

  Three considerations counsel against allowing the proposed filing by FFVA and the Farm Bureau. First, Plaintiffs in this case are well represented, a point that needs no further elaboration than to reference the firms involved and their filings to-date. Second, the would-be *amici*'s interests are nearly identical to those of Plaintiffs: agricultural businesses concerned about the impact of the challenged CERP project on their future irrigation water supplies.

  Finally, FFVA and the Farm Bureau do not offer a perspective that differs meaningfully from that of the Plaintiffs, as revealed by a comparison of the proposed filing and Plaintiffs' summary judgment motion. *Compare* ECF No. 50 *with* ECF No. 51-1. Plaintiffs' motion, and the proposed amicus filing, present the same two basic arguments, namely, that the Defendants allegedly violated WRDA 2000 and NEPA by: (1) considering LORS 2008 in the future without CERP baseline conditions for its water-supply-impact analysis (rather than looking only at the year 2000 conditions); and (2) failing to analyze the water supply impacts of a fully operational Stormwater Treatment Area (STA) independent of the reservoir that is expected (eventually) to operate in tandem with the STA.

For all of these reasons, Defendants submit that the standards articulated in *Leal* and *News & Sun-Sentinel*, *supra*, are not met. But the true issue is whether the proposed filing will be useful to the Court, a question we do not presume to answer. In the event the Court concludes that the proffered filing will be useful, Defendants request that their page limit in filing opposition papers (and cross-motion) be extended by five pages.

Dated this 1st of August, 2022.

                                            Respectfully submitted,

                                            TODD KIM
                                            Assistant Attorney General
                                            Environment and Natural Resources Division

                                            */s/ Sally J. Sullivan*
                                            Peter Kryn Dykema
                                            Sally J. Sullivan
                                            U.S. Department of Justice
                                            Environment and Natural Resources Division
                                            Natural Resources Section
                                            P.O. Box 7611
                                            Washington DC 20044-7611
                                            peter.dykema@usdoj.gov
                                            sally.sullivan@usdoj.gov
                                            Phone: (202) 305 0436
                                            Fax: (202) 305 0274

                                            *Attorneys for Defendants*

Electronically filed.